## COLONIAL WOOLEN COMPANY v. TRENTON WATER POWER COMPANY.

Submitted March 17, 1904—Decided June 13, 1904.

A count in a declaration averring that the plaintiff was seized of a mill, and by reason thereof ought to have and enjoy the benefit and advantage of the water of a canal subject to the annual payment of $400 rent, which plaintiff was ready to pay and defendant refused to receive, and further averring that the defendant wrongfully diverted the water, is properly joined with a count in tort.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *John A. Montgomery.*

For the defendant, *James Buchanan.*

The opinion of the court was delivered by

SWAYZE, J. There are two counts in the declaration. The first is conceded to be a count in tort; the second is said by the defendant to be a count in contract. The only ground of demurrer is the alleged misjoinder of a count in contract with a count in tort, and the only question to be decided is whether or not the second count is in contract.

The essential averments of the second count are that the plaintiff was seized of a woolen mill in Trenton, "and by reason thereof * * * ought to have had and enjoyed, and still of right ought to have [had] and enjoy the benefit and advantage of the water of a certain canal known as the Trenton Water Power Company, which during all the time of right ought to have run and flowed, and still of right ought to run and flow, unto the woolen mills of the plaintiff for supplying the same with water for the working and operating

said mills at Trenton aforesaid, subject, however, to the annual payment of $400 by the plaintiff." The declaration avers that the plaintiff was ready to pay and the defendant refused to receive the rent, and that the defendant wrongfully diverted the water.

The case differs from *McDermott* v. *Morris Canal and Banking Co.*, 9 *Vroom* 53, in that the third count in that case alleged an agreement on the part of the defendant. In the present case no agreement is set up. There is an averment that the plaintiff's right to the water was subject to the payment of an annual rent, but it does not appear that this rent arose out of a contract with or a lease by the defendant. The plaintiff's right may have arisen out of a lease or grant by the Trenton Delaware Falls Company, which, by its charter, a public act (*Pamph. L.* 1831, *p.* 131), was authorized to demise, grant, lease and sell water privileges and rights, or it may have arisen out of a grant by some third person, subject to the payment of rent to the present defendant. There is nothing in the mere averment that the plaintiff was under obligation to pay rent to the defendant which indicates any privity of contract between them.

Even if the water rights were leased by the defendant to the plaintiff, it would not follow that an action of tort could not be sustained by the plaintiff as tenant against the defendant as landlord for the interruption of the water right. Trespass will lie by a tenant against a landlord for wrongful interference with the tenant's possession. *Tayl. Land. & T.*, § 178; *Miller* v. *Forman*, 8 *Vroom* 55.

The second count in the present case is, we think, framed in tort, and the demurrer for misjoinder is not well taken. The plaintiff is entitled to judgment.

Inasmuch as the defendant may apply for leave to plead, and the case may hereafter be tried upon an issue of fact, it is proper to add that if upon the trial it should appear that the plaintiff's real cause of action is for a breach of contract, it cannot recover under the declaration as now framed.