FRANK SALVATO, PLAINTIFF-RESPONDENT, v. NEW JER-
SEY ASPHALT AND PAVING COMPANY, A CORPORA-
TION, DEFENDANT-APPELLANT.

Argued May 8, 1946—Decided July 22, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and
COLIE.

For the plaintiff-respondent, *Leo Rosenblum.*

For the defendant-appellant, *Philip M. Lustbader* and
*George D. McLaughlin.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE.    Plaintiff sued in the Hudson
County Common Pleas for personal injuries.    Judgment of

$8,500 plus costs of suit was entered upon a jury verdict. Defendant appeals.

The argued points center about the following incidents: The jury, notwithstanding it had been charged correctly upon the plaintiff's recoverable items, returned from its deliberations and announced to the court that "We, the jury, find that the plaintiff, Frank Salvato, has cause for action in the amount of $5,000 plus medical, legal and court costs." The court then instructed the jury:

"Well, the court at this time might say to you, members of the jury, that your verdict must be in one sum and not carry with it any particular condition. You must determine that sum, including any hospital bills, medicines and other charges and expenses incurred by the plaintiff. So that you may return and consider of your verdict, but your verdict must be in a lump sum in which is included the medical expenses, hospital bills, doctors' bills and any other bills which have been submitted to you under the evidence."

Counsel for defendant was not present. The jury retired to its conference room and shortly thereafter brought in the verdict of $8,500 upon which the judgment was entered. The next morning counsel for defendant appeared before the judge and was given an affirmative answer to this question: "May I have an exception to the further instructions of the court to the jury after the jury rendered its verdict?" After a further interval of several days the defendant obtained a rule to show cause why the verdict should not be set aside and a new trial granted. The assigned grounds were (1) that the verdict was the result of bias, prejudice, passion and mistake and was grossly excessive, (2) that the verdict was the result of mistake on the part of the jury and contrary to the charge of the court in that the jury returned a verdict including as an element of damages an improper and illegal item contrary to the instructions and charge of the court and contrary to law, (3) and that the verdict was grossly excessive. On the return day of the rule counsel for defendant, before making argument and pursuant to notice to his adversary, presented to the court an abandonment in writing of the second ground and the court in its determination stated and acquiesced in

that abandonment and excluded the second ground from consideration. The court dismissed the rule upon consideration of grounds one and three.

Appellant's points before us are (1) that the court erred in not stating to the jury in the supplemental instruction that legal and court costs were not recoverable and (2) that the court abused its discretion in discharging the rule to show cause.

The theory upon which an exception to judicial action as ground of appeal rests is that the court is thereby apprised of the claim of error in season to reconsider and, perhaps, revise or abandon the ruling or even to recall the jury, if the jury shall have retired, for further charge or admonition. *Kargman* v. *Carlo,* 85 *N. J. L.* 632; *Shapiro Brothers Factors Corp.* v. *Cherokee Silk Corp.,* 114 *Id.* 356; *Nemeth* v. *Slaff,* 78 *Id.* 615; *Leonard's of Plainfield, Inc.,* v. *Dybas,* 130 *Id.* 135. An exception taken to a charge after the jury had retired, considered its action under the charge, returned its verdict and been discharged was manifestly too late to serve that purpose. Counsel for defendant knew, of course, that the jury would come in or be brought in sometime and that an interchange of some sort between it and the court or the clerk acting for the court was bound to occur. The supplemental charge was given in open court in the court room to which the jury returned from the conference room. Counsel had the right and the opportunity at all times to be and remain in the court room or to have a representative there or to arrange to be informed of the jury's return. "The trial of a cause is not concluded until a verdict has been rendered and the jury discharged. The absence of counsel during the jury's deliberations does not serve to curtail the trial judge's province to give further instructions in open court as the occasion may demand. In contemplation of law, the parties and their counsel are in court until the return of a verdict or the discharge of the jury." *Leonard's of Plainfield, Inc.,* v. *Dybas, supra.* We are of the opinion that an exception so taken does not preserve the alleged error as a ground for appeal.

Appellant's second point, *supra,* alleges that the court erred in discharging defendant's rule to show cause why the verdict should not be set aside and a new trial ordered upon the grounds, *inter alia,* that the verdict was the result of bias, prejudice, passion and mistake and was grossly excessive. In the first instance, as we have seen, the jury attempted to award the plaintiff "$5,000 plus medical, legal and court costs." Medical expenses were recoverable and were within the purview of the original charge. Legal expenses arising out of the suit—there were no other—and court costs were not legitimate elements of the jury verdict and were not within the range of the court's charge. *Textileather Corp.* v. *American Mutual Liability Insurance Co.,* 110 *N. J. L.* 483; *Kinane* v. *Fay,* 111 *Id.* 553; *Toal* v. *North Jersey Street Railway Co.* (not officially reported), 58 *Atl. Rep.* 172. The medical expenses in proof were two physicians' bills of $50 and $25, respectively, and a hospital bill of $80, a total of $155. The jury, under the added instruction that it should incorporate its verdict in one lump sum, retired and presently came back with the verdict of $8,500. The circumstances are persuasive that the $3,500 increase represented the jury's appraisal of elements of damage where only the amount of $155 was recoverable. The verdict, in so far as it exceeded $5,155, was reducible to the terms of the grounds stated in the reasons filed and argued under the rule. If it was not a mistake, it was a grossly excessive allowance for recoverable medical and hospital expense or was the result of bias and prejudice. That situation was as clearly stated to the trial court as it has been to us and called for relief. We conclude that there was reversible error in the discharge of the rule.

The judgment below will be reversed, to the end that a *venire de novo* issue.